UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CINDY WINDY                                                                                                         Plaintiff

v.                                                                                         Civil Action No. 3:23-cv-250-RGJ

UNITED STATES POSTAL SERVICE                                                                    Defendant

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Cindy Windy filed a *pro se*, *in forma pauperis* employment discrimination amended complaint under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). [DE 8]. For the reasons set forth below, Plaintiff's complaint will be dismissed.

### I.

In May 2023, Plaintiff filed a *pro se*, *in forma pauperis* employment discrimination complaint under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA") against the United States Postal Service ("USPS"). [DE 1]. The Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e) concluding that the proper Defendant was the Postmaster General of the United States Postal Service and construing Plaintiff's ADA claim as a Rehabilitation Act claim. [DE 7]. Instead of dismissing Plaintiff's complaint, the Court permitted Plaintiff to file an amended complaint (a) naming the proper Defendant, Louis DeJoy, Postmaster General; (b) adding facts that would support her Rehabilitation Act claim and any other additional facts that would support her other claims; (c) attaching a copy of the Notice of Right to Sue Letter from the Equal Employment Commission as required by Section IV(B) of the form complaint; and (d) filing

a new summons form for Defendant, Louis DeJoy, Postmaster General. [DE 7 at 7]. The Court informed Plaintiff that the amended complaint would supersede and replace the original complaint. On October 4, 2023, Plaintiff filed an amended complaint. [DE 8]. This matter is now before the Court for an initial review of the amended complaint pursuant to 28 U.S.C. § 1915(e).

## II.

In October 2023, Plaintiff filed her amended complaint naming only the USPS in the caption of the amended complaint. [DE 8]. In addition to suing the USPS, Plaintiff lists the following new Defendants in the body of the amended complaint: USPS-Gardner Lane Supervisor Kevin Scott, USPS-Gardner Lane Supervisor Michelle Fry, USPS-Gardner Lane "204B" Belinda Blythe, Administrative Law Judge Stephen Braunlich, and Office of Federal Operations ("OFO") Director Carlton M. Hadden. [*Id.* at 2–3, 9].

Plaintiff alleges that the USPS terminated her in July 2019. She asserts that Defendants discriminated against her based on her race, gender/sex, national origin, and age. [*Id.* at 5]. Plaintiff did not bring a Rehabilitation Act claim in her amended complaint. Under the Statement of Claims section, Plaintiff identifies the discriminatory conduct as including termination of her employment and retaliation. [*Id.* at 5]. Plaintiff alleges that that she received three write-ups[1] between May and July of 2019—one for taking a break in the "patch-up" room and for two unexcused and unscheduled absences, one for unsatisfactory work performance after mail was left on the dock and for failure to close eight "placards," and the last one for allegedly striking another employee. [DE 8-1 at 1–5; DE 8-7 at 2–4; DE 8-9 at 2–4]. Plaintiff maintains other employees were not disciplined in the same manner for the same infractions. [*Id.*]. As a result of these write-

---

[1] The USPS official disciplinary letters of warning are referred to as "N-TOL" letters which means No Time Off Letter. [DE 8-7].

2

ups, Plaintiff states that she received a Notice of Removal on July 22, 2019. [DE 8 at 6]. Plaintiff alleges that the supervisors and others in authority discriminated against her due to her Vietnamese race and her age. [*Id.* at 5]. Plaintiff represents that she filed a charge with the Equal Employment Opportunity Commission ("EEOC") on October 17, 2019. Plaintiff states that the EEOC has not issued a Notice of Right to Sue letter. [*Id.* at 6]. However, a review of the attachments to her amended complaint reflects that on October 26, 2023, Administrative Law Judge Braunlich issued his Bench Decision finding that Plaintiff had not established that she was subjected to age, sex, race, national origin or retaliatory discrimination. [DE 8-19]. On May 31, 2022, OFO Director Hadden denied Plaintiff's appeal and issued a right to sue letter [DE 8-20], and on February 14, 2023, he dismissed Plaintiff's request for reconsideration as untimely and issued another notice of right to sue. [DE 8-21].

### III.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore

exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## IV.

"[T]he only appropriate defendant in an employment discrimination action against the federal government or any of its agencies is 'the head of the department, agency or unit, as appropriate.'" *Thomas v. Bernhardt*, No. 1:19CV-157-GNS, 2020 WL 5504236, at *5 (W.D. Ky. Sept. 11, 2020) (quoting 42 U.S.C. § 2000e-16(c)). Here, "[t]he only proper defendant for Plaintiff's Title VII claims is the Postmaster General." *Murillo v. Kittelson*, No. 8:19CV571, 2020 WL 3250231, at *4 (D. Neb. June 16, 2020) (citing 42 U.S.C. § 2000e-16(c) ("[T]he head of the

department, agency, or unit, as appropriate, shall be the defendant."); *Ramirez v. Postmaster Gen.*, No. 4:04CV3258, 2005 WL 8176038, at *1 (D. Neb. Mar. 11, 2005)); *see also Bills v. Dep't of Just.*, No. 82-2398 G, 1985 WL 1157295, at *1 (W.D. Tenn. Sept. 24, 1985). While the "ADEA does not specify who must be named as a proper party defendant in an age discrimination case, . . . the ADEA federal-sector provision has been construed consistently with the Title VII provision to require that suit be brought against the Postmaster General." *Murillo*, 2020 WL 3250231, at *4 (citing *Gillispie v. Helms*, 559 F. Supp. 40 (W.D. Mo. 1983); *Ellis v. U.S. Postal Serv.*, 784 F.2d 835, 838 (7th Cir. 1986)).

Despite instructions on how to accomplish this, Plaintiff continues to name the USPS as a Defendant in the caption of her case, instead of naming Louis DeJoy, Postmaster General of the USPS. Additionally, within the body of her amended complaint form, she now designates other individual defendants, including her direct supervisors, other employees, and the Administrative Law Judge and the OFO Director who presided over her EEOC claim. The Court will not permit these new defendants to be added to this action. *See Ritchhart v. Puffer,* No. 4:23-CV-00001-PK, 2023 WL 121238, at *1 (D. Utah Jan. 6, 2023) (USPS, individual supervisors, and union representative are not proper defendants); *Thomas*, 2020 WL 5504236, at *5 (supervisors, false accusers, and the EEOC administrative law judge are not proper parties); *Ellis*, 784 F.2d at 838 (USPS, local postmaster, and employee are not proper defendants). Because the proper defendant is the Postmaster General, any claims for discrimination and retaliation under Title VII and the ADEA against Defendants Scott, Fry, Blythe, Braunlich, and Hadden will be dismissed for failure to state a claim upon which relief may be granted. Furthermore, because Plaintiff failed to name the Postmaster General despite being given the opportunity to do so, Plaintiff's claims against the

USPS are likewise deficient for failure to name the proper defendant and will be dismissed for failure to state a claim.

V.

The Court will issue an Order dismissing the case consistent with this Memorandum Opinion.

Date: November 2, 2023

Rebecca Grady Jennings, District Judge<br>United States District Court

cc: Plaintiff, *pro se*
A961.014