UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CINDY WINDY                                                                                              Plaintiff

v.                                                                                 Civil Action No. 3:23-cv-250-RGJ

UNITED STATES POSTAL SERVICE                                                                     Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by *pro se* Plaintiff Cindy Windy to reconsider the Court's dismissal of her amended complaint. [DE 11]. For the reasons set forth below, Plaintiff's motion to reconsider will be denied.

**I.**

In May 2023, Plaintiff filed a *pro se*, *in forma pauperis* employment discrimination complaint under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA") against the United States Postal Service ("USPS"). [DE 1]. The Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e) concluding that the proper Defendant was the Postmaster General of the United States Postal Service and construing Plaintiff's ADA claim as a Rehabilitation Act claim. [DE 7]. Instead of dismissing Plaintiff's complaint, the Court permitted Plaintiff to file an amended complaint (a) naming the proper Defendant, Louis DeJoy, Postmaster General; (b) adding facts that would support her Rehabilitation Act claim and any other additional facts that would support her other claims; (c) attaching a copy of the Notice of Right to Sue Letter from the Equal Employment Commission as required by Section IV(B) of the form complaint; and (d) filing

a new summons form for Defendant, Louis DeJoy, Postmaster General. [DE 7 at 7]. The Court informed Plaintiff that the amended complaint would supersede and replace the original complaint.

In October 2023, Plaintiff filed her amended complaint naming only the USPS in the caption of the amended complaint. [DE 8]. In addition to suing the USPS, Plaintiff listed new Defendants in the body of the amended complaint: USPS-Gardner Lane Supervisor Kevin Scott, USPS-Gardner Lane Supervisor Michelle Fry, USPS-Gardner Lane "204B" Belinda Blythe, Administrative Law Judge Stephen Braunlich, and Office of Federal Operations ("OFO") Director Carlton M. Hadden. [*Id.* at 2–3, 9]. Plaintiff did not bring a Rehabilitation Act claim in her amended complaint, thereby, narrowing her claims to Title VII and the ADEA.

On the second initial review pursuant to § 1915(e), the Court once again held that the only proper defendant for Plaintiff's claims for discrimination and retaliation under Title VII and the ADEA was the Postmaster General, *see Thomas v. Bernhardt*, No. 1:19CV-157-GNS, 2020 WL 5504236, at *5 (W.D. Ky. Sept. 11, 2020) (quoting 42 U.S.C. § 2000e-16(c)). [DE 9]. As a result, the Court did not permit the new defendants to be added to this action. [*Id.* at 5]. Additionally, because Plaintiff once again failed to name the Postmaster General despite being given the opportunity to do so, the Court found that Plaintiff's claims against the USPS were likewise deficient for failure to name the proper defendant and dismissed all the claims for failure to state a claim. [*Id.* at 5–6].

Plaintiff now moves to reconsider the Court's dismissal of her case on initial review stating that she now understands that she did not properly write the name of the Defendant correctly. [DE 11 at 1]. She moves the Court to give her a chance to correct her form. [*Id.* at 2].

## II.

Rule 59(e) of the Federal Rules of Civil Procedure allows an aggrieved party to file a motion to alter or amend a judgment within twenty-eight days of its entry. Because Plaintiff filed her motion within 28 days of the Court's dismissal order, the Court construes it as a Rule 59(e) motion to alter or amend the Court's judgment.

Motions to alter, amend, or vacate under Fed. R. Civ. P. 59(e) may be granted if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, No. 3:04-CV-20, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008)) (internal quotation marks and citation omitted). Moreover, "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *United States v. Smith*, No. 3:08-CR-31-JMH, 2012 WL 1802554, at *1 (E.D. Ky. May 16, 2012) (quoting *Roger Miller Music*, 477 F.3d at 395). Rule 59(e) motions to alter, amend, or vacate "are extraordinary and sparingly granted." *Marshall v. Johnson*, 3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007).

After considering the record and Plaintiff's *pro se* status, the Court will conduct another initial review of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e) assuming for

purposes of this review that Plaintiff sued the proper Defendant—the Postmaster General of the USPS.

### III.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## IV.

Plaintiff alleges that the USPS terminated her in July 2019. She asserts that she was discriminated against based on her race, gender/sex, national origin, and age in violation of Title VII and the ADEA. [DE 8 at 5]. In the amended complaint, Plaintiff identifies the discriminatory conduct as including termination of her employment and retaliation. [*Id.*]. Plaintiff alleges that she received three write-ups[1] between May and July of 2019—one for taking a break in the "patch-up" room and for two unexcused and unscheduled absences, one for unsatisfactory work performance after mail was left on the dock and for failure to close eight "placards," and the last one for allegedly striking another employee. [DE 8-1 at 1–5; DE 8-7 at 2–4; DE 8-9 at 2–4]. Plaintiff maintains other employees were not disciplined in the same manner for the same infractions. [*Id.*]. As a result of these write-ups, Plaintiff states that she received a Notice of Removal on July 22, 2019. [DE 8 at 6]. Plaintiff alleges that the supervisors and others in authority discriminated against her due to her Vietnamese race and her age. [*Id.* at 5]. Plaintiff represents

---

[1] The USPS official disciplinary letters of warning are referred to as "N-TOL" letters which means No Time Off Letter. [DE 8-7].

5

that she filed a charge with the Equal Employment Opportunity Commission ("EEOC") on October 17, 2019. Plaintiff states that the EEOC has not issued a notice of right to sue letter. [*Id.* at 6]. However, a review of the attachments to her amended complaint reflects that on October 26, 2020, Administrative Law Judge Braunlich issued his Bench Decision finding that Plaintiff had not established that she was subjected to age, sex, race, national origin, or retaliatory discrimination. [DE 8-19]. On May 31, 2022, OFO Director Hadden denied Plaintiff's appeal and issued a right to sue letter. [DE 8-20]. On August 21, 2022, Plaintiff filed a request for reconsideration, and on February 14, 2023, Director Hadden dismissed Plaintiff's request for reconsideration as untimely finding that Plaintiff "filed the instant request for reconsideration . . . well beyond the 30-day limit required by regulation." [DE 8-21 at 1]. Plaintiff then filed this civil action on May 15, 2023. [DE 1].

## V.

Whether Plaintiff's claims survive the § 1915(e) initial review is dependent on whether she satisfied the EEOC regulatory deadlines. "After an agency has rendered a final decision on the employee's formal complaint, the employee has the option to appeal the decision of the agency to either a federal district court or the EEOC." *Wright v. Koskinen*, No. 1:16-CV-1884-JKL, 2018 WL 11446938, at *11 (N.D. Ga. Sept. 5, 2018); 42 U.S.C. § 2000e-16(c)). "If the employee appeals to the EEOC, and the EEOC does not issue a decision within 180 days, the employee may then file a complaint in district court." *Id.* (citing 29 C.F.R. § 1614.407(d)). "If the EEOC does issue a decision, the employee has 90 days from receipt of the decision to file a complaint in district court." *Id.* (citing 29 C.F.R. § 1614.407(c)); see also 42 U.S.C. § 2000e-16(c); *Jones v. Wynne*, No. 5:06CV96/RS, 2007 WL 1655405, at *7 (N.D. Fla. June 6, 2007)). "An employee may also seek reconsideration of the EEOC decision with 30 days of the receipt of the decision, 29 C.F.R.

§ 1614.405(b), in which case, the EEOC's decision is not final until reconsideration is ruled on, thereby tolling the deadlines for filing a complaint in district court." *Wright*, 2018 WL 11446938, *11 (citing *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 246 (3d Cir. 1999) (collecting decisions from the Fifth, Sixth, Tenth, and D.C. Circuits)); *Jones v. Wynne*, No. 5:06CV96/RS, 2007 WL 1655405, at *7 (N.D. Fla. June 6, 2007). Thus, "a federal employee's *timely* filed request for reconsideration tolls the 90–day deadline for filing suit in federal court." *Holley*, 165 F.3d at 246 (emphasis added); *see also Conkle v. Potter*, 352 F.3d 1333, 1336–37 (10th Cir. 2003) ("[W]hen a reconsideration request is timely filed, the EEOC's decision on appeal becomes 'final' only when that request is granted or denied."); *Norris v. Salazar*, 885 F. Supp. 2d 402, 418 (D.D.C. 2012) ("even in the context of reconsideration, tolling only applies when a plaintiff timely files her request"); *Williams v. Chu*, 641 F. Supp. 2d 31, 40 (D.D.C. 2009) ("Where a timely request for reconsideration is made, 42 U.S.C. § 2000e–16(c) and 29 C.F.R. § 1614.407 require only that the complainant file his complaint in this Court within ninety days of the denial of the request.").

While a timely motion for reconsideration under the EEOC regulations tolls the running of the 90-day statute of limitations for Title VII and ADEA actions, the Court finds that in this case Plaintiff failed to timely file her motion to reconsider with the EEOC—within 30 days of the final decision. As noted above, OFO Director Hadden denied Plaintiff's appeal and issued a right to sue letter on May 31, 2022. [DE 8-20]. Because Plaintiff's motion for reconsideration of the final decision was not filed until August 21, 2022, the EEOC dismissed it as untimely finding that Plaintiff "filed the instant request for reconsideration . . . well beyond the 30-day limit required by regulation." [DE 8-21 at 1]. As such, Plaintiff's Title VII and ADEA claims are untimely and are subject to dismissal for failure to state a claim upon which relief can be granted.

**VI.**

For the reasons set forth above, **IT IS ORDERED** that Plaintiff's motion to reconsider the Court's dismissal of her amended complaint [DE 11] is **DENIED**.

Date:

cc: Plaintiff, *pro se*
A961.014